MAJOR JURY

**EDWIN P. SMITH, ESQUIRE**                    Attorney for **PLAINTIFFS**
IDENTIFICATION No. 04252
Suite 3050
1700 Market Street
Philadelphia, PA 19103
(215) 864-7300

| | |
|---|---|
| JANICE SAHUTSKY | : COURT OF COMMON PLEAS |
| and ROBERT SAHUTSKY | : PHILADELPHIA COUNTY |
| 218 W. Butternut Street | : |
| Mt. Carmel, PA 17851 | : |
| vs | : APRIL TERM, 2007 |
| | : |
| TARASI, TARASI & FISHMAN, P.C. | : |
| a/t/a TARASI & TARASI, P.C. | : |
| and | : |
| C. WILLIAM KENNY, ESQUIRE | : |
| 510 Third Avenue | : |
| Pittsburgh, PA 1529-2191 | : No. 000460 |

## **COMPLAINT - 4L**

<div style="display:flex">

### NOTICE

  You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.
  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION LAWYER
REFERRAL & INFORMATION SERVICE
1101 Market Street
11th Floor
Philadelphia, PA 19107
(215) 238-6330

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o comun abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TÉLEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA

SERVICIO DE REFERENCIA E INFORMACION LEGAL
1101 Market Street
11th Floor
Philadelphia, PA 19107
(215) 238-6330

</div>

EXHIBIT

A

## COMPLAINT

1.      Plaintiffs are individuals residing in the Commonwealth of Pennsylvania.

2.      Defendant Tarasi, Tarasi & Fishman, P.C., is a professional corporation of attorneys and also conducts business as Tarasi & Tarasi, P.C., ("law firm").

3.      Defendant Kenny is an attorney and, at all time material hereto, was an agent or employee of the law firm and performed legal services on behalf of plaintiffs.

4.      At all times material hereto, the defendant law firm had offices also located at 510 Walnut Street, Philadelphia, Pennsylvania, or is engaged in a joint venture or partnership at said location.

5.      On April 29, 2002, plaintiffs retained the services of defendants to represent them in a legal malpractice claim pursuant to a contingent fee agreement, annexed hereto as Exhibit "A".

6.      In furtherance of said representation, defendants did file a Complaint against the negligent attorneys and the underlying facts and nature of the claim are set forth in said Complaint, annexed hereto as Exhibit "B" and incorporated herein.

7.      Although plaintiffs had expressed concerns to defendants about suing in Northumberland County, rather than Philadelphia where suit could have been brought against the offending attorneys, defendants misrepresented to plaintiffs that their suit in Northumberland County was more beneficial to plaintiffs then a suit in Philadelphia.

8.    Defendants did advise plaintiffs of some problems that arose in their case, but falsely represented to plaintiffs that they had committed no error nor omission, and that any problem could be readily corrected, and that the only error was made by the Court thereby causing plaintiffs to relax their vigilance and deviate from their right of inquiry.

9.    After March 16, 2005, defendants advised plaintiffs that the appellate court had similarly erred in its decision and, for the first time, advised plaintiffs of a possible error made by them in the appellate process by defendants.

10.    From that time through February 19, 2007, defendants continued to falsely represent to plaintiff that they had not committed any error which caused harm to plaintiffs, but rather that the clear error of the court would be corrected on appeal.

11.    At no time did defendants ever advise plaintiffs that they might be entitled to institute a claim for legal malpractice or negligence against them, nor suggest that they seek the advise of other counsel regarding a potential claim against defendants.

12.    Not until 2007 did plaintiffs have reason to believe nor know that any negligent actions or inactions of defendants had occurred, nor that it had caused them harm.

13.    At all times material hereto, defendants intentionally concealed their negligence from plaintiffs.

14.    Defendants failed to exercise that degree of care, skill or knowledge exercised and required of attorneys in this Commonwealth by:

a. Failing to comply with Orders of Court;

b. Failing to provide discovery responses so as to avoid sanctions;

c. Failing to properly pursue appellate rights of plaintiffs;

d. Breaching their fiduciary duty to plaintiffs by failing to advise them of the existence of a claim against defendants and the statute of limitations for filing suit against them;

e. By engaging in a conflict of interest and breach of fiduciary duty in failing to advise them to seek advice of other counsel regarding the actions of defendants.

f. By filing suit in Northumberland County, rather than Philadelphia, when defendants actually knew that filing suit as they did would severely prejudice the rights of plaintiffs and knowingly misrepresenting same to plaintiffs.

g. By breaching their duty of communication and loyalty by misrepresenting the cause of plaintiffs' losses.

15.    Defendants breach of their duty of care and fiduciary duty to plaintiffs, was the sole and proximate cause of the loss of their valuable cause of action against the defendants in the underlying malpractice case.

16.    Plaintiffs would have recovered a judgment in the underlying malpractice case but for the negligence of defendants.

17.    Defendants' negligence and reckless indifference was the proximate cause of plaintiffs' damage since it prevented them from being properly compensated for their loss.

18.    At all times material hereto, plaintiffs provided defendants with all

information and cooperation requested and defendants failure to comply with court orders was not the result of any actions of plaintiffs.

WHEREFORE, plaintiffs claim damages from the defendant in an amount in excess of Fifty Thousand ($50,000) Dollars.

BY: _____

EDWIN P. SMITH, ESQUIRE

Phone:   H: 570-339-0542   W: _____   Other: _____

## CONTINGENT FEE AGREEMENT

Janice Sahutsky  218 West Butternut, Mount Carmel, PA 17851
Name       Address

hereinafter called CLIENTS, do hereby request and authorize TARASI, TARASI & FISHMAN, P.C., hereinafter called ATTORNEYS, to represent CLIENTS as legal counsel for all purposes in connection with injuries and/or damages arising out of an incident which occurred on the ____ day of _____, 20 ____ to-wit:

on the following conditions:

1. ATTORNEYS will devote their full professional abilities to the case and CLIENTS will agree to fully cooperate with ATTORNEYS. Neither ATTORNEYS nor CLIENTS will settle this case without the other's approval in writing.

2. CLIENTS will pay ATTORNEYS for their services TWO-FIFTHS (40%) of any and all amounts recovered. **IN THE EVENT OF NO RECOVERY, CLIENTS SHALL OWE ATTORNEYS NOTHING FOR SERVICES RENDERED BY ATTORNEYS.** In the event that an appeal is taken on this matter, additional compensation for handling the appeal will be negotiated between CLIENTS and ATTORNEYS. Should this Agreement be breached or otherwise terminated, ATTORNEYS shall be entitled to immediate reimbursement of costs, disbursements, and expenses and any payment of fees according to the herein agreed percentage of whatever offer of settlement ATTORNEYS may have negotiated to the date of breach or termination, or to payment of fees based upon time actually expended at ATTORNEYS' prevailing rate, whichever is greater. The current prevailing rate is between $200.00 and $500.00 an hour depending on the attorney handling the case.

3. CLIENTS agree to pay all costs of investigation, preparation, and trial of the case as such costs become due, regardless of whether the case is won or lost. CLIENTS authorize ATTORNEYS to deduct from CLIENTS' share of the proceeds, and pay directly to any expert or creditor any unpaid balance due them for CLIENTS' for services.

4. CLIENTS AGREE THAT ATTORNEYS HAVE MADE NO PROMISES OR GUARANTEES REGARDING THE OUTCOME OF CLIENTS' CLAIM. CLIENTS understand ATTORNEYS will investigate CLIENTS' claim and if, after so investigating the claim does not appear to ATTORNEYS to have merit, or the costs of prosecuting the action makes the case impractical and/or too costly to pursue, then ATTORNEYS shall have the right to cancel this Agreement.

I have read this Agreement, have received a copy of it and agree to the terms and conditions. There are no other oral agreements between CLIENTS and ATTORNEYS.

TARASI, TARASI & FISHMAN, P.C.

CLIENTS sign with the intent to be legally bound hereby.

By: _____  X _Janice A. Sahutsky_

DATE: 4/29/02   X _____

EXHIBIT "A"