IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY,<br><br>      Plaintiffs,<br><br>  vs.<br><br>C. WILLIAM KENNY, ESQUIRE, TARASI, TARASI, & FISHMAN, P.C.; TARASI & TARASI, P.C. and JANICE AND ROBERT SAHUTSKY | CIVIL DIVISION<br><br>No: 4:09-CV-01729 |

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY

Defendants C. William Kenny, Esq., Tarasi, Tarasi & Fishman, P.C., and Tarasi and Tarasi, P.C. (collectively, the "Tarasi Defendants"), by their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) and 28 U.S.C. §§ 2201,, file the following Motion to Dismiss the Complaint for Declaratory Judgment filed by Plaintiff, Minnesota Lawyers Mutual Company ("MLM").

1.    The Tarasi Defendants are insured under a Lawyers Professional Liability Insurance Claims-Made Policy (the "Policy") issued by Plaintiff MLM, effective May 31, 2006 to May 31, 2007 and attached as Exhibit N to the Complaint for Declaratory Judgment (the "Complaint"). (Complaint, at 7 & Ex. N).

2.    On April 5, 2007, Defendants Janice and Robert Sahutsky commenced a civil action against the Tarasi Defendants in Pennsylvania state court (the "Second Malpractice Action"), and the Tarasi Defendants promptly tendered the claim to MLM for a defense and coverage. (Complaint, at 3).

3.	In connection therewith, the Sahutskys filed a Complaint, an Amended Complaint and a Second Amended Complaint (collectively, the "Complaints in the Second Malpractice Action"), copies of which are attached as Exhibits A, E & G to the Complaint, which purported to allege claims for professional negligence and breach of fiduciary duty against the Tarasi Defendants. (Complaint, at 3 & Exhibit A).

4.	The Complaints in the Second Malpractice Action allege that the Tarasi Defendants were retained by the Sahutskys on April 29, 2002 to represent the Sahutskys in prosecuting a legal malpractice claim (the "First Malpractice Action") against various attorneys (the "Mychak Firm") whom the Sahutskys had previously retained to represent them in a personal injury action (the "Personal Injury Action"). (Exhibit E to Complaint, at 1). The Complaints in the Second Malpractice Action also allege that the Mychak Firm's malpractice led to the dismissal of the Personal Injury Action by judgment of *non pros*. (Exhibit E to Complaint, at 1; Exhibit B to Exhibit E to Complaint, at 6.)

5.	In the Complaints in the Second Malpractice Action the Sahutskys attempt to plead the application of Pennsylvania's "discovery rule" to the claims they asserted against the Mychak Firm in the First Malpractice Action.

6.	However, it is apparent both from the Order of Court entered in the Personal Injury Action (attached hereto as Exhibit A), which Order is incorporated by reference in the Complaints in the Second Malpractice Action, that the judgment of *non pros* was entered against the Sahutskys in the Personal Injury Action on February 12, 1998, more than four years prior to the Sahutskys' retention of the Tarasi Defendants to pursue the malpractice claims arising from that dismissal.

7. Indeed, Janice Sahutsky has testified that she learned that the Personal Injury Action had been non prossed in October 1997, which compels the conclusion that the discovery rule cannot apply to toll the running of the statute of limitations beyond that date. (*See* Deposition of Janice Sahutsky, Exhibit B, at 92.)

8. Moreover, the Court of Common Pleas of Northumberland County, Pennsylvania, determined in the First Malpractice Action that the claims asserted in that Action were in fact time-barred as of October 2001, and this provided an alternate ground for the court's dismissal of the case. (*See* Exhibit C, at 4.) Moreover, the Pennsylvania Superior Court had affirmed the dismissal of the First Malpractice Action prior to the effective date of the Policy. (*See* Exhibit D.)

9. For purposes of this Motion, however, it is sufficient that it is apparent on the face of the Complaints in the Second Malpractice Action that there was and is, at a minimum, the possibility that the claims against the Mychak Firm were already time-barred before any contact between the Sahutskys and the Tarasi Defendants.

10. To the extent that the claims asserted in the First Malpractice Action were time-barred prior to the Sahutskys' retention of the Tarasi Defendants, the Sahutskys cannot have suffered any damages as a result of any alleged malpractice committed by the Tarasi Defendants in the Second Malpractice Action.

11. Damages are an essential element of a legal malpractice claim; in the absence of damages, there are no facts that would support a demand by the Sahutskys for monetary damages against the Tarasi Defendants.

12. Moreover, the malpractice tort claim nonetheless asserted by the Sahutskys in their Second Malpractice Action arises from the entry of a judgment of

3

*non pros* in the First Malpractice Action.  That *non pros* was entered on July 1, 2003. (Complaint, at 11).

13. The Tarasi Defendants informed the Sahutskys of the non pros on November 11, 2003.  (*See* Exhibit E.)  Accordingly, the two-year statute of limitations on any professional negligence claim by the Sahutskys against the Tarasi Defendants had run by at least November 11, 2005.

14. In this Declaratory Judgment Action, Plaintiff MLM alleges that it has no duty to defend or indemnify the Tarasi Defendants against the malpractice claims asserted by the Sahutskys in the Second Malpractice Action, on the ground that the Policy covers claims resulting from acts that occurred prior to the policy period only if, at the effective date of the Policy, the insured had no knowledge of facts that would reasonably support a demand for a monetary judgment or settlement.  (Complaint, at 8, 14.)

15. Given that the claims asserted in the First Malpractice Action were time-barred and that the Sahutskys therefore suffered no damages as a result of the dismissal of that Action, the facts relating to that dismissal, including any alleged negligence by the Tarasi Defendants giving rise to that dismissal, could not "reasonably support" a demand for monetary damages.

16. Indeed, the fact that the statute of limitations on the professional negligence claim subsequently filed by the Sahutskys in the Second Malpractice Action had also run prior to the effective date of the Policy provides yet another reason why the facts known to the Tarasi Defendants as of that date could not "reasonably support" a demand for monetary damages.

17. Plaintiff MLM also alleges in this Declaratory Judgment Action that it has no duty to defend or indemnify the Tarasi Defendants on the basis of the Policy's exclusion of claims "arising out of the dishonest, criminal, malicious or deliberately fraudulent act, error or omission of the INSURED."  (Complaint, at 8, 14.)

18. The Complaints in the Second Malpractice Action, however, clearly purport to state claims that arise out of the Tarasi Defendants' alleged negligence. (Exhibit E to Complaint, ¶¶ 15, 18.)

19. It is hornbook law that an insurer has a duty to defend if the underlying complaint alleges facts that could support recovery under the policy, at least until the underlying action has been confined to claims that are not covered.

20. The Complaints in the Second Malpractice Action clearly allege facts that would support determination that the claims in the First Malpractice Action were time-barred prior to their retention of the Tarasi Defendants, that the Sahutskys therefore suffered no damages as a result of any actions by the Tarasi Defendants, and that the Tarasi Defendants therefore knew of no facts that would reasonably support a demand for money damages against them as of the effective date of the Policy.

21. The Complaints in the Second Malpractice Action equally clearly allege facts that would support a determination that the actions of the Tarasi Defendants were negligent, but not dishonest, criminal, malicious or deliberately fraudulent.

22. Accordingly, MLM has a duty to continue to defend the Tarasi Defendants in the Second Malpractice Action, and its Complaint for a Declaratory Judgment should be dismissed for failure to state a claim insofar as it seeks a declaration as to its duty to defend.

23. Moreover, whether MLM will have a duty to indemnify the Tarasi Defendants for a judgment, if any, in favor of the Sahutskys in the Second Malpractice Action will depend on the facts as they develop in the Second Malpractice Action on which such a judgment would be based.  Accordingly, any claim for a declaration regarding MLM's duty to indemnify is premature and not ripe, and the Complaint for a Declaratory Judgment should be dismissed for lack of subject matter jurisdiction as to the duty to indemnify.

24. In fact, the very same issues that are determinative of the coverage issues raised by this Declaratory Judgment Action (i.e., whether the claims in the First Malpractice Action were time-barred before the Sahutskys retained the Tarasi Defendants so that the Sahutskys have suffered no damages, whether the claims asserted in the Second Malpractice Action were also time-barred, and whether the Tarasi Defendants acted fraudulently) are currently being litigated in the Court of Common Pleas of Northumberland County, Pennsylvania, in the Second Malpractice Action.  (*See* Exhibit F.)  Discovery has been completed, and jury selection is scheduled to begin on December 14, 2009.

25. Clearly, these issues, which are purely issues of state law, are best resolved in the pending state court proceedings, and forcing the parties to litigate the same issues in this Court would lead to wasteful, burdensome and expensive duplication of effort for both the parties and this Court.

26. Furthermore, for MLM to litigate this case and argue that the facts reasonably would support findings that the Sahutskys' claims were not time-barred and that the Sahutskys suffered damages as a result of the Tarasi Defendants actions

27.     Therefore, this Court should exercise its broad discretion the Declaratory Judgment Act, 28 U.S.C. §§ 2201 to decline to exercise jurisdiction.  This provides yet another reason why the Complaint for Declaratory Judgment should be dismissed or, in the alternative, stayed.

WHEREFORE, the Tarasi Defendants respectfully request that this Court enter an Order dismissing, or in the alternative, staying the Complaint for Declaratory Judgment.

                    Respectfully submitted,

*/s/ Paul A. Manion*
Paul A. Manion (Pa. S.C. #01454)
Alexandra P. West (Pa. S.C. #84903)
MANION McDONOUGH
   & LUCAS, P.C.
1414 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA  15219
(412) 232-0214 (Phone)
(412) 232-0206 (Facsimile)
pmanion@mmlpc.com
awest@mmlpc.com

Date:  November 9, 2009

7